IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>  Plaintiff, <br><br>  v. <br><br> BENJAMIN ARRIAGA LEMUS and MARIA GUADALUPE LEONDE ARRIAGA, individually and d/b/a ARRIAGAS MEXICAN RESTAURANT & CANTINA, <br><br>  Defendants. | Case No.: 1:10-cv-02085 OWW JLT <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT JUDGMENT <br><br> (Doc. 13) |

J & J Sports Productions, Inc., ("Plaintiff") seeks the entry of default judgment against defendants Benjamin Arriaga Lemus and Maria Guadalupe Leonde Arriaga, individually and doing business as Arriagas Mexican Restaurant & Cantina (collectively, "Defendants"). (Doc. 10). Defendants did not oppose Plaintiff's application. On January 28, 2011, the Magistrate Judge filed the Findings and Recommendations that Plaintiff's application for default judgment be granted in part and denied in part, and recommended damages totaling $3,200 be awarded to Plaintiff.[1] (Doc. 13 at 14). On February 11, 2011, Plaintiff filed its Objections with regard to the amount of damages, repeating the request for the statutory maximum award of $100,000. (Doc. 14).

---

[1] The amount recommended includes statutory damages of $1,000 for the violation of the Communications Act and $2,200 for the tort of conversion.

1

**I.  Findings of the Magistrate Judge**

The Magistrate Judge found that application of the factors set forth by the Ninth Circuit in Eitel v. McCool for the entry of default judgment weighed in favor of entry of default. See Eitel, 782 F.2d 1420, 1472-72 (9th Cir. 1986).  First, Plaintiff would have no other alternative by which to recover damages suffered as a result of Defendants' actions. See J & J Sports Prods. v. Rodriguez, 2010 U.S. Dist. LEXIS 20288, at *7 (E.D. Cal. March 5, 2010).  Second, the Magistrate Judge found that Plaintiff stated claims for a violation of the Federal Communications Act of 1934, arising in 47 U.S.C. § 605(a), and for conversion against Defendants.  Third, in considering the sum of money at stake, the Magistrate Judge found the significant sum requested would weigh against entry of default if the Court were inclined to enter judgment in the amount requested. See, e.g., Joe Hand Promotions v. Streshly, 655 F.Supp.2d 1136, 1136 (S.D. Cal. 2009) (amount requested of $100,875 was "manifestly excessive under existing law").  Fourth, the Magistrate Judge found that there is little possibility of dispute of material facts regarding the liability of the parties as Defendants have not made an effort to challenge the Complaint or otherwise defend.  Finally, the Magistrate Judge found that it was unlikely that defaults entered were the result of excusable neglect. See Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

      Statutory Damages

After weighing the Eitel factors, the Magistrate Judge turned to the amount of damages to be awarded.  Under the Federal Communications Act of 1934 ("Communications Act"), a plaintiff may recover actual or statutory damages "not less than $1,000 or more than $10,000, as the court considers just."  47 U.S.C. § 605(e)(3)(C)(i)(II).  Determining a proper amount of statutory damages to be awarded, the Magistrate Judge considered factors such as the size and number of televisions upon which the pirated program was broadcast, the capacity of the restaurant, the number of people present during the broadcast, the lack of a cover charge and advertising, and the piracy history of Defendants. (Doc. 13 at 9-10).  The Magistrate Judge noted Arriagas Mexican Restaurant & Cantina had a capacity of 75 people and ten to thirteen people were present during the program, which was broadcast in the bar area on one big screen television and one small television.  Defendants did not charge an entry fee, nor did they advertise the pirated broadcast.  Finally, Plaintiff did not provide

2

evidence that Defendants had a history of signal piracy. Given an "absence of . . . aggravating facts," the Magistrate Judge found an award of the statutory minimum was just. Id.

### Enhanced Damages

The Magistrate Judge noted that for damages to be enhanced, a violation must be "committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). In its application for default judgment, Plaintiff argued that a court may infer "willingness" from a defendant's failure to appear and defend. (Doc. 10-1 at 15-16). The Magistrate Judge declined to infer that Defendants acted willfully because factual allegations regarding damages must be proven, and they were not. (Doc. 13 at 11, citing Pope v. States, 323 U.S. 1, 22 (1944), Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)). In addition, the Magistrate Judge found there was no evidence that Defendants acted for commercial advantage or financial gain, given the lack of a cover charge or advertising, and the small number of people present in the establishment. Id. Therefore, the Magistrate Judge recommended that the Court not enhance the damages award.

### Damages for Conversion

The Magistrate Judge found an establishment the size of Arriagas Mexican Restaurant & Cantina would have been required to pay $2,200 for a sublicense to broadcast the program with Plaintiff's permission. Therefore, the Magistrate Judge found Plaintiff was entitled to this amount for the tort of conversion

### Attorney's Fees

Plaintiff sought the award of costs and attorneys fees pursuant to 47 U.S.C. § 605. However, although it made the request, the application did not contain any support for the request, and failed to present any evidence of costs or fees to the Court. Therefore, the Magistrate Judge declined to recommend the award of attorneys fees and costs.

///

//

**II.   Objections by Plaintiff**

1   Plaintiff argues, "damages *significantly* over the minimum" have been awarded when
2   circumstances were not egregious, including in cases within the Eastern District.² (Doc. 14 at 7),
3   citing Joe Hand Promotions, Inc. v. Tidmarsh, 2009 U.S. Dist. LEXIS 54412, 2009 WL 1845090
4   (E.D. Cal. June 26, 2009) (awarding the maximum statutory damages, and $10,000 in enhanced
5   damages where the investigator saw the program on a single television, the capacity was fifty people,
6   and there were up to 29 patrons); J & J Sports Productions, Inc. v. Esquivel, 2008 U.S. Dist. LEXIS
7   92140, 2008 WL 4657741 (E.D. Cal. Oct. 20, 2008) (awarding $10,000 under both § 553 and § 605,
8   in addition to enhanced damages where the capacity was 75 people, there were 35 individuals
9   present, and the program was shown on a single television).  Plaintiff concludes that an award of
10  $10,000 "is an appropriate award." Id. at 10, citing Joe Hand Promotions, Inc v. Carranza, 2009
11  U.S. Dist. LEXIS 109590, 2009 WL 4254460 (E.D. Cal. Nov. 24, 2009); J & J Sports Productions,
12  Inc. v. Villalobos, 2009 U.S. Dist. LEXIS 116345, 2009 WL 5030137 (E.D. Cal. Dec. 15, 2009); Joe
13  Hand Promotions, Inc v. Haddock,  2009 U.S. Dist. LEXIS 63048, 2009 WL 2136117 (E.D. Cal.
14  July 14, 2009).  In addition, Plaintiff argues that enhanced damages are warranted because the
15  Declaration of Joseph Gagliardi, president of J & J Sports Productions, Inc., "explains that
16  Defendants must have taken some deliberate act to intercept the Program." (Doc. 14 at 9).

17  With regard to the award of attorneys fees, Plaintiff states it was not its intention to waive its
18  right for recovery. (Doc. 14 at 13).  Plaintiff asserts 47 U.S.C. § 605 mandates the award of costs
19  and fees to a prevailing party.

20  **III.  Discussion**

21  The Magistrate Judge addressed the holdings in Tidmarsh and Esquivel, finding facts in the
22  cases were distinguishable (See Doc. 13 at 10).  Similarly, the cases cited by Plaintiff in its
23  Objections in support of an award of the statutory maximum of $10,000, demonstrate more
24  egregious facts than are presented here.  For example, in Carranza, the Court found the defendants

---

² In taking this position, it appears that Plaintiff believes there are no circumstances that would justify the minimum award and that every case justifies, not only the maximum award, but an enhanced award also.  To the contrary, the Court is not permitted to take this approach and, instead, must be guided by Kingvision Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 2009), in which the Ninth Circuit held that the award should deter future conduct but not destroy the business.

acted willfully and for commercial advantage because the pirated program was displayed on nine televisions and on a big-screen projector, and the defendant charged a $10 entry fee. Carranza, 2009 U.S. Dist. LEXIS 109590, at *6. Likewise, in Villalobos, the program was shown on a large projection screen in an establishment with the approximate capacity of 100 to 150 individuals, and the defendants had a prior violation of the Communications Act. Villalobos, 2009 U.S. Dist. LEXIS 116345, at *6-7. In Haddock, the Court considered the size of the establishment, which had a capacity of 150$^3$, and the "fact that the Program was shown on five televisions" in its determination that the statutory maximum, plus $15,000 enhanced damages, was a just award. Haddock, 2009 U.S. Dist. LEXIS 63048, at *5.

Plaintiff's Objections fail to acknowledge that enhanced damages may be awarded only where Defendants acted "willfully *and* for the purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii) (emphasis added). Assuming Defendants acted willfully, there is no evidence to support the assertion that Defendants acted for "commercial advantage or private financial gain." As noted by the Magistrate Judge, several courts in the Ninth Circuit have declined to award enhanced damages where there were few patrons, no entry fee was charged, and the defendant did not advertise the program while finding that these facts indicated defendants did not act for advantage or financial gain. (Doc. 13 at 11-12), citing, e.g., Integrated Sports Media, Inc. v. Naranjo,$^4$ 2010 U.S. Dist. LEXIS 81264 (E.D. Cal. Aug. 11, 2010); J & J Sports Productions v. Miranda, 2009 U.S. Dist. LEXIS 112415 (N.D. Cal. Nov. 16, 2009); J & J Sports Productions v. Hernandezsilva, 2010 U.S. Dist. LEXIS 96891 (S.D. cal. Sept. 15, 2010). Notably, Plaintiff does not address these cases in its Objections.

---

$^3$ See Haddock, Case No. 1:09-cv-00290-LJO-DLB (E.D. Cal), Doc. 11-3 at 3. The Court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993). As such, the docket of the Court is subject to judicial notice.

$^4$ Plaintiff asserts that Integrated Sports Media was decided by Magistrate Judge Jennifer L. Thurston, who made the Findings and Recommendations now before the Court. However, that recommendation for an award of $1,500 in Integrated Sports Media was made by Magistrate Judge Sandra M. Synder, and adopted by District Judge Anthony W. Ishii.

5

Finally, the recommendation to deny attorneys' fees and costs was made without prejudice to Plaintiff filing a later motion. This was due to Plaintiff's request for fees and costs but its complete failure to support, or even address, this request in the application.

**IV.   Conclusion and Order**

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, and the Objections of Plaintiff, the Court finds that the Findings and Recommendations are supported by the record and by proper analysis. As observed by the Ninth Circuit, and noted by the Magistrate Judge, "The range in the statutory award [under § 605] might allow for a sanction that deters but does not destroy." Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 2009).   By adding the $1,000 statutory minimum to the award of $2,200 for the tort of conversion, the total damages award is $3,200.  This amount both compensates Plaintiff and acts as a deterrent for Defendants.

Accordingly, IT IS HEREBY ORDERED that the Findings and Recommendations filed January 21, 2011, are **ADOPTED IN FULL**. Judgment shall be entered accordingly.  Plaintiff's counsel shall submit a proposed form of judgment consistent with this decision within five(5) days following the date of electronic service of this decision.

IT IS SO ORDERED.

**Dated:   February 17, 2011**               /s/ Oliver W. Wanger
                                                            UNITED STATES DISTRICT JUDGE